# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CORETTA ADAMS,

           Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

           Agency.

DOCKET NUMBER
CH-0752-17-0027-I-1

DATE: July 14, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Coretta Adams</u>, Oakwood Village, Ohio, pro se.

<u>Amber Groghan</u>, Esquire, Akron, Ohio, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal without prejudice to refiling. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  For the reasons discussed below, we DENY the appellant's petition for review, AFFIRM the initial decision insofar as it found that the Board lacks jurisdiction over a direct appeal of the appellant's removal and that she prematurely filed her individual right of action (IRA) appeal, and FORWARD her now-ripe IRA appeal to the Board's Central Regional Office for adjudication.

## BACKGROUND

¶2        The appellant filed an appeal in which she challenged her removal from the position of Registered Nurse with the Veterans Health Service (VHS), effective September 12, 2016.  Initial Appeal File (IAF), Tab 1, Tab 7 at 19.  She alleged, inter alia, that the agency improperly removed her for filing a whistleblower complaint with the Office of Special Counsel (OSC) on August 28, 2016.  IAF, Tab 1 at 4-5.  The administrative judge issued a jurisdictional order informing the appellant of what she needed to show to establish Board jurisdiction over her IRA appeal, which included showing that she had sought corrective action from OSC and either that OSC had terminated its investigation or that 120 days had expired since she filed her OSC complaint.  IAF, Tab 3.

¶3        On November 8, 2016, the administrative judge issued an initial decision in which she dismissed the appellant's IRA appeal as premature.  IAF, Tab 9, Initial Decision (ID) at 3.  The administrative judge found that the appellant provided no evidence that she had received a letter from OSC terminating its investigation and that 120 days had not yet elapsed since her OSC filing.  ID at 3.

The administrative judge also found that VHS registered nurses such as the appellant who are appointed generally under 38 U.S.C. § 7401 do not have appeal rights to the Board and, thus, the Board has no authority to review the removal decision as an otherwise appealable action.  ID at 2.

¶4    The day after the administrative judge issued the initial decision, the appellant filed a pleading intended to be a petition for review.  Petition for Review (PFR) File, Tab 1.  The Board afforded the appellant the opportunity to file a supplement, which she did.  PFR File, Tab 3.  The agency has filed a response opposing the petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW[2]

The administrative judge properly dismissed the appellant's IRA appeal as premature.

¶5    The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).  An appellant filing an IRA appeal has not exhausted her OSC remedy unless she has filed a complaint with OSC and either OSC has notified her that it was terminating its investigation into her complaint or 120 calendar days have passed since she first sought corrective action.  5 U.S.C. § 1214(a)(3); *Garrison v. Department of Defense*, 101 M.S.P.R. 229, ¶ 6 (2006).

¶6    On review, the appellant challenges the merits of the removal action, and she asserts that her removal was in retaliation for whistleblowing.[3]

---

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

PFR File, Tabs 1, 3. However, the appellant has shown no error in the administrative judge's finding that the Board lacked jurisdiction over her appeal when she first filed it because she had not received notice from OSC that it had terminated its investigation into her complaint and 120 days had not yet expired since she filed her complaint. *See* 5 U.S.C. § 1214(a)(3); *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 6 (2010).

We forward the appellant's now-ripe appeal to the regional office for adjudication.

¶7        The Board's practice is to adjudicate an appeal that was premature when it was filed but becomes ripe while pending before the Board. *See Jundt*, 113 M.S.P.R. 688, ¶ 7. The undisputed evidence shows that the appellant filed a complaint with OSC on August 28, 2016. IAF, Tab 5 at 37; PFR File, Tab 3. Because 120 days have passed since that date, we find that the appellant has exhausted her administrative remedies before OSC and that her appeal is now ripe for adjudication. We therefore forward the appeal to the regional office. *See Jundt*, 113 M.S.P.R. 688, ¶ 7.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] The appellant does not challenge the administrative judge's determination that, as a VHR registered nurse appointed under 38 U.S.C. § 7401(1), the Board has no authority to review the merits of the agency's decision to remove her as an otherwise appealable action. Therefore, we have not addressed it. Nevertheless, we have reviewed the record, and we discern no basis upon which to disturb the administrative judge's determination in this regard.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.  <u>5 U.S.C.</u> <u>§ 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                                 _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board
Washington, D.C.